Chanin FALCON, on behalf of herself and others similarly situated, Plaintiff,

v.

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,** Defendant.

**No. 06 Civ. 6090(JSR).**

United States District Court, S.D. New York.

June 5, 2007.

Lee Scott Shalov, Shalov Stone & Bonner LLP, New York City, Andrew N. Friedman, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, for Plaintiff.

Joseph John Saltarelli, Hunton & Williams, LLP, New York City, Ashley Cummings, Matthew James Calvert, Hun-

ton & Williams LLP, Atlanta, GA, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By Order dated March 30, 2007, the Court denied plaintiff Chanin Falcon's motion for class certification, on the ground that she cannot adequately represent the class as required by Fed. R. Civ. Proc. 23(a)(4). *See Falcon v. Philips Electronics North America Corp.,* 2007 WL 959374 (S.D.N.Y. Mar. 30, 2007). Recognizing that, in the absence of an adequate class representative, this action might be subject to dismissal for want of jurisdiction, plaintiff's counsel then moved for further discovery to aid in finding a more adequate representative. For the reasons set forth below, the Court hereby denies plaintiff's motion and dismisses this action for want of jurisdiction.

The underlying action here rests on the allegation that the express warranty given purchasers of certain models of televisions manufactured by defendant Philips Electronics North America Corporation ("Philips") is unconscionable because design defects in those televisions will cause many of them to malfunction after the express warranty has expired. In its Order dated March 30, 2007, the Court determined that the sole named plaintiff, Ms. Falcon, could not be an adequate class representative, because, among other problems, she did not actually purchase the television in question and because after receiving it, she subsequently discarded it. Plaintiff's counsel now seeks discovery of who else complained to Philips about the television models here in issue, in the hope that that will lead to identification of an adequate class representative.

■ At the outset, defendant objects that the Court, having denied plaintiff's motion for class certification, no longer retains jurisdiction over this case even to consider plaintiff's request for discovery putatively intended to cure the defect by substituting an adequate class representative. Relying principally on *McGaughey v. Treistman,* 2007 WL 24935 (S.D.N.Y. Jan. 4, 2007), defendant contends that upon denial of class certification the instant action became something other than a "class action" and that the Court therefore lost subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), which is the sole basis on which this action is in federal court.

The Court disagrees. CAFA does not list class certification as a prerequisite to federal jurisdiction. Indeed, at the time a CAFA action is brought in federal court, class certification will almost always remain to be decided at some unspecified future date. Instead, CAFA, while extending only to class actions, defines "class action" as follows:

> [T]he term "class action" means any civil action *filed* under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

28 U.S.C. § 1332(d)(1)(B) (emphasis added).

■ To be sure, if class certification is subsequently denied on a basis that precludes even the reasonably foreseeable possibility of subsequent class certification in the future, the Court may lose jurisdiction at that point. This was the situation in *McGaughey,* where the court denied class certification because plaintiff could not, and very likely could *never,* satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1). *See McGaughey v. Treistman,* 2007 WL 24935, at *2–3. Here, by contrast, the Court has thus far determined

only that Ms. Falcon herself would not be an adequate representative for the putative class, not that the putative class could never be certified. Such a determination is "inherently tentative," *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), and this neither deprives the Court of jurisdiction under CAFA nor renders the case "moot" under general principles of law. *See Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3rd Cir.1992); *see, generally, Franks v. Bowman Transp. Co., Inc.,* 424 U.S. 747, 755, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

■ That said, however, it remains the case that plaintiff's counsel concededly is not able to come forward at this time with an adequate class representative, but rather seeks to go fishing, through further discovery, in the hopes of finding one. While there might be cases where this would make sense, this is not such a case. Plaintiff filed this action over nine months ago. The deadlines for both class certification discovery and merits discovery have come and gone. Plaintiff cannot plausibly argue that she never considered that, as someone who neither purchased nor retained a defective Philips television set, she might not adequately represent a class of persons consisting of those who did purchase such sets and who seek to get them repaired. Plaintiff has had ample opportunity to conduct discovery to locate a another representative who could more adequately represent the class, and she has failed to do so. Having carefully considered all of the underlying facts and circumstances, the Court determines that further discovery at this time would be grossly unfair to defendant and hence must be denied.

Given such denial and given plaintiff's counsel's inability, in the absence of such discovery, to identify an adequate class representative, this case now stands in the same position as *McGaughey, i.e.,* a putative class action where a class cannot be certified either now or in the foreseeable future of this case. In these circumstances, the case must be, and hereby is, dismissed for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment dismissing the case.

SO ORDERED.