Ronald **CLAUSNITZER,**
et al., Plaintiffs,

v.

**FEDERAL EXPRESS**
**CORPORATION,**
Defendant.

Case No. 06–21457–CIV.

United States District Court,
S.D. Florida,
Miami Division.

June 18, 2008.

Andre E. Jardini, Gwen Freeman, Knapp Petersen & Clarke, Michael S. Duberchin, Michael S. Duberchin, Glendale, CA, Glen Robert Bregman, Glen Robert Bregman, Encino, CA, Marshall Dore Louis, Sinclair Louis Heath Nussbaum & Zavertnik, Miami, FL, for Plaintiffs.

Aaron Jarett Reed, Littler Mendelson, Miami, FL, Richard S. McConnell, Jr., Sandra C. Isom, Federal Express Corporation, Memphis, TN, for Defendant.

## ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record. On June 5, 2008, the Court entered an Order [D.E. 110] requiring the parties to submit supplemental briefs regarding whether federal subject matter jurisdiction exists in this matter in light of the denial of class certification. The undersigned has carefully considered the parties' written submissions, the record, and applicable law.

## I. BACKGROUND

The original complaint in this case was filed on June 7, 2006, alleging a collective action pursuant to the Fair Labor Standards Act. Shortly thereafter on September 12, 2006, and after Defendant, FedEx Corporation ("FedEx"), filed a motion for summary judgment, Plaintiffs filed their Amended Complaint [D.E. 30] alleging a claim for breach of contract and a claim in quantum meruit on behalf of a nationwide class of FedEx employees. These claims were brought under state law. Plaintiffs sought to certify the nationwide class on their breach of contract claim, and the Court denied certification on February 28, 2008, 248 F.R.D. 647. (*See* [D.E. 76] ).

Plaintiffs then moved for leave to file another amended complaint alleging a class of Florida employees (and presumably then to seek certification of that class), and the Court denied the motion as untimely filed. (*See* [D.E. 92] ). FedEx filed a motion for summary judgment on the individual claims of the remaining Plaintiffs on May 2, 2008. (*See* [D.E. 94] ).

The Amended Complaint alleges subject matter jurisdiction based on the amendments to the diversity jurisdiction statute created by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*See Amend. Compl.* at ¶¶ 10–19). There is no other basis for original jurisdiction in federal court. Upon review of the record and applicable law regarding CAFA jurisdiction in cases where certification has been denied, the undersigned became concerned that jurisdiction in this case may be lacking and requested the positions of the parties on the issue.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction ...." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). As stated, the only basis for subject matter jurisdiction alleged in the Amended Complaint is diversity predicated on the provisions of the diversity statute created by CAFA. *See* 28 U.S.C. § 1332(d). CAFA provides, in pertinent part: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any

member of a class of plaintiffs is a citizen of a State different from any defendant ...." 28 U.S.C. § 1332(d)(2). Because class certification has been denied, and it is undisputed that the amount in controversy of the claims of the remaining individual plaintiffs does not exceed $5,000,000 (and the amount claimed by any one individual plaintiff does not exceed $75,000), the existence of subject matter jurisdiction is unclear, and as noted in the Order requiring supplemental briefing, courts considering the question have not arrived at a uniform result.[1]

In response to the Order, Plaintiffs filed a two-page brief citing no authority and making no legal arguments, but indicating they believe CAFA jurisdiction does not survive denial of certification. (See [D.E. 112]). Counsel for Plaintiffs has apparently filed another action in this district on behalf of a class of Florida employees, and Plaintiffs believe they should be included in that class or in actions pending in other districts. See Babineau v. Federal Express Corp., Case No. 08–cv–21428 (S.D.Fla.). FedEx's brief argues CAFA jurisdiction does survive denial of certification, citing district court cases supporting that proposition, and in the alterative, FedEx argues the Court should exercise sup-

plemental jurisdiction over Plaintiffs' claims. (See [D.E. 113]).

After a review of the arguments presented by FedEx and the Court's own research, and because the Eleventh Circuit has not addressed the issue, the Court is presented with two conflicting paths from which to choose. The first is set out by the court's decision in Genenbacher v. CenturyTel Fiber Co. II, LLC, where the court found that denial of certification did not affect subject matter jurisdiction. 500 F.Supp.2d 1014 (C.D.Ill.2007). In Genenbacher, the plaintiffs initially filed their case, which alleged causes of action under state law, in state court, and the defendant removed the case pursuant to CAFA. Id. at 1015–16. The court denied certification, and then sua sponte raised the issue of subject matter jurisdiction. The court's analysis hinges on its interpretation of CAFA as a simple expansion of general diversity jurisdiction. The court first noted that the modifications to Section 1332 from CAFA "did not change the constitutional basis of jurisdiction. The constitutional basis is diversity of citizenship. The principles that govern removal jurisdiction based on diversity, therefore, apply." Id. at 1016.

1. See, e.g., McGaughey v. Treistman, No. 05–cv–7069, 2007 WL 24935, at *3–4 (S.D.N.Y. Jan. 4, 2007) (no CAFA jurisdiction after denial of class certification); Falcon v. Philips Electronics N. Am. Corp., 489 F.Supp.2d 367, 368–69 (S.D.N.Y.2007) (no CAFA jurisdiction after denial of class certification if there is no foreseeable possibility a class might subsequently be certified); Hoffer v. Cooper Wiring Devices, Inc., No. 06–cv–0763, 2007 WL 2891401, at *1–2 (N.D.Ohio Sept. 28, 2007) (following Falcon); Arabian v. Sony Electronics, Inc., No. 05–cv–1741, 2007 WL 2701340, at *3–7 (S.D.Cal. Sept. 13, 2007) (following Falcon); Gonzalez v. Pepsico, Inc., No. 06–cv–2163, 2007 WL 1100204, at *4 (D.Kan. Apr. 11, 2007) (assuming, without deciding, that denial of class certification destroys CAFA jurisdiction); Genenbacher v. CenturyTel Fiber

Co. II, LLC, 500 F.Supp.2d 1014 (C.D.Ill. 2007) (CAFA jurisdiction survives denial of class certification); Colomar v. Mercy Hosp., Inc., 2007 WL 2083562, at *2 (S.D.Fla. July 20, 2007) (removal jurisdiction survived after class certification was denied and after the only diverse defendant was dismissed); Garcia v. Boyar & Miller, P.C., 2007 WL 1556961, at *5 (N.D.Tex. May 30, 2007) (federal jurisdiction remained, even if the plaintiffs withdrew their motion for class certification); In re Welding Fume Products Liability Litig., 245 F.R.D. 279, 317 (N.D.Ohio 2007) (noting the split in authority and permitting the parties the opportunity to brief the issue); Good v. Ameriprise Financial, Inc., 248 F.R.D. 560, 573–75 (D.Minn.2008) (noting the split in authority and permitting the parties the opportunity to brief the issue).

While acknowledging and rejecting conflicting authority, the court stated, "[a] case brought or removed under CAFA invokes this Court's diversity jurisdiction. Once this Court has diversity jurisdiction, subsequent determinations that the plaintiffs cannot establish the jurisdictional facts do not affect the continued jurisdiction of this Court." *Id.* at 1017 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293–94, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The court viewed the fact that certification was denied as a change in a jurisdictional fact that existed at the time the case was removed, such as a change in the residency of the parties or a reduction in the amount in controversy. Such changes in jurisdictional facts during the course of the litigation do not strip the court of diversity jurisdiction under the Supreme Court's decision in *St. Paul Mercury Indem. Co. See also Gresham Park Community Org. v. Howell*, 652 F.2d 1227, 1236 n. 25 (5th Cir.1981) (overruled on other grounds) ("federal jurisdiction must be determined under the facts as of the date of the filing of the complaint"). Alternatively, the court noted that it retained jurisdiction because denial of certification "is an interlocutory order that may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1)(C). [The plaintiffs] could conceivably renew the class certification request based on new evidence or some other appropriate ground." *Genenbacher*, 500 F.Supp.2d at 1017 (footnote omitted).

The alternative line of cases addressing this issue is exemplified by the decision in *Arabian v. Sony Electronics, Inc.*, No. 05–cv–1741, 2007 WL 2701340 (S.D.Cal. Sept. 13, 2007), which chose to follow the opinion of the Southern District of New York in *Falcon v. Philips Electronics N. Am. Corp.*, 489 F.Supp.2d 367, 368–69 (S.D.N.Y.2007). In *Arabian*, the class complaint was filed under CAFA in federal court. After denial of certification, the defendant moved to dismiss the remaining plaintiffs' claims for lack of CAFA jurisdiction. Noting that no other basis for jurisdiction remained, the court reviewed the few cases that had considered the propriety of retaining a CAFA case in federal court after denial of class certification. The court found the *Falcon* reasoning persuasive, agreeing with that court's conclusion that where the possibility of certification has been foreclosed, CAFA jurisdiction is no longer available. The *Falcon* and *Arabian* courts did not rule that denial of certification automatically resulted in the destruction of CAFA jurisdiction, but instead found that in circumstances where it was clear the plaintiffs would be unable to obtain certification under any circumstances, jurisdiction was lacking. *Falcon*, 489 F.Supp.2d at 368–69; *Arabian*, 2007 WL 2701340, at *5.

Expanding on *Falcon* and disagreeing with *Genenbacher*, the court in *Arabian* rejected the notion that denial of certification was analogous to a change in jurisdictional facts subsequent to the filing of a diversity suit, and therefore found inapplicable the rule of *St. Paul Mercury Indem. Co.*:

By denying class certification and subsequently finding that there is no reasonably foreseeable possibility that [Plaintiff] will be able to represent a certified class ..., this Court has essentially found that there is not—and never was—diversity jurisdiction over [Plaintiff]'s claim pursuant to CAFA. This Court's decision is not based on any post-filing change in [Plaintiff]'s residence or change in the amount of [Plaintiff]'s claim. Therefore, the rule of *St. Paul Mercury Indem. Co.* is not implicated, and this Court is not persuaded by the reasoning of *Genenbacher*.

*Arabian,* 2007 WL 2701340 at \*5. Moreover, the *Arabian* court observed *Genenbacher*'s failure to take into account the prescription of Rule 12(h)(3) of the Federal Rules of Civil Procedure, which currently reads, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id. See also Giovanniello v. New York Law Pub. Co.,* Case No. 07–cv–1990, 2007 WL 2244321 at \*3, n. 11 (S.D.N.Y. Aug. 6, 2007) ("the *Genenbacher* Court's holding ignores the Fed. R. Civ. P. [12(h)(3) ]'s instruction").

After thorough consideration of these precedents, and with some reluctance due to the advanced stage of this litigation, the undersigned is persuaded the courts in *Arabian* and *Falcon* were correct, and thus, subject matter jurisdiction no longer exists in this case. The Court agrees with the court in *Genenbacher* to the extent that case elected not to analyze the CAFA amendments to Section 1332 in a vacuum, but instead in light of courts', and more importantly, Congress' understanding and interpretation of diversity jurisdiction. The plain language of the statute is obviously the crucial factor of the analysis.

As stated, Section 1332(d)(2) provides, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which— (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; .... " The statute defines "class action" as, "any civil action filed under rule 23 of the Federal Rules of Civil Procedure .... " 28 U.S.C. § 1332(d)(1)(B). Congress did not explicitly require certification in order for the case to proceed, and instead required only that the case meet the definition of "class action." In reference to the residency requirement, the statute speaks of "any member of a class," and presumably, there can be no class members before the class has been certified.

However, neither a "class action" nor "members of a class" are likely to exist at the time a case is filed or removed. *See Falcon,* 489 F.Supp.2d at 368 ("at the time a CAFA action is brought in federal court, class certification will almost always remain to be decided at some unspecified future date"). Thus, Congress could not have not intended these to be "facts" necessary to establish jurisdiction, because they would not be facts at the time the case began in federal court. Instead, the statute requires there to be class allegations, the propriety of which will later be evaluated by the court through the certification process. Whether a class exists, therefore, is not a "jurisdictional fact" within the meaning of *St. Paul Mercury Indem. Co.;* it is a legal conclusion that the district court must reach in order for jurisdiction to properly exist in the first place. The jurisdictional facts of a CAFA case are the minimum diversity and the $5,000,000 amount in controversy requirements; facts that are analogous to the complete diversity and $75,000 amount in controversy requirements of general diversity jurisdiction, and facts that, if changed, would not alone destroy jurisdiction. The existence of a class is not, however, comparable.

The undersigned also agrees with the courts in *Falcon* and *Arabian* in finding jurisdiction under CAFA remains unless it is clear there is no foreseeable possibility that the plaintiff may obtain certification in the future. Accordingly, in this case, because Plaintiffs can no longer amend their complaint to allege a proper class, there is no possibility Plaintiffs will obtain certification, and jurisdiction under CAFA no longer exists.

FedEx argues the Court should exercise supplemental jurisdiction over Plaintiffs' remaining claims under 28 U.S.C. § 1367. Section 1367 permits district courts to exercise supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction." As stated, the Court does not have original jurisdiction over this case, and thus it cannot exercise supplemental jurisdiction over Plaintiffs' state law claims under Section 1367.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that this matter is **DISMISSED.** The Clerk of the Court is instructed to **CLOSE** the case. Any pending motions are **DENIED AS MOOT.**