**Melinda ROBINSON, et al., Plaintiffs**

v.

**WAL–MART STORES, INC., Defendants.**

**Civil Action No. 3:07–cv–125–WHB–LRA.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 12, 2008.

Nancy J. Fisher, Franklin D. Azar & Associates, PC, Aurora, CO, Delano Funches, Edward D. Wiggins, Jr., Funches & Associates, Jackson, MS, for Plaintiffs.

Clarence Lee Lott, III, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, Wesley Clyde Redmond–PHV, Baker, Donelson, Bearman, Caldwell & Berkowitz, Birmingham, AL, for Defendants.

## OPINION AND ORDER

WILLIAM H. BARBOUR, Jr., District Judge.

This cause is before the Court on the second Motion of Defendant, Wal–Mart Stores, Inc., to Dismiss the Complaint or to Strike the Class Action Allegations or, in the Alternative, to Sever. The Court has considered the Motion, Response, Rebuttal, Amended Complaint, as well as supporting and opposing authorities and finds that the Motion should be granted in part and denied in part, with caveats as discussed below.

### I. Factual Background and Procedural History

On March 5, 2007, Plaintiffs, who comprise two hundred and eighty-nine current and former employees of Defendant, Wal–Mart Stores, Inc. ("Wal–Mart"), filed a class action law suit in this Court alleging:

> During their employment, Plaintiffs were required to work hours off the clock for which they were not paid in violation of

Wal–Mart's contractual obligations and the laws of the State of Mississippi. Plaintiffs were also required to work through their rest and meal breaks in violation of Mississippi law and in breach of Wal–Mart's contractual agreement to provide them. *See* Compl., at ¶ 4. Through the Complaint, Plaintiffs sought to certify a class comprised of "all current and former hourly-paid employees of Wal–Mart Stores, Inc., in the State of Mississippi that were employed from May 28, 1999 until the present." *Id.*, at ¶ 26. Based on the conduct alleged above, the Class sought compensatory and punitive damages on claims of (1) breach of contract, which arise from allegations that they were required to work off-the-clock and denied rest and meal breaks; and (2) conversion, which arise from allegations that "Wal–Mart has in its possession the personal property (earned and unpaid wages and working time) of the Plaintiffs and the Class." *Id.*, at ¶¶ 41–52.

On November 15, 2007, on Motion of Wal–Mart, the Court entered an Opinion and Order finding that it could not exercise subject matter jurisdiction over Plaintiffs' Complaint because they had failed to allege citizenship as required to establish diversity jurisdiction under 28 U.S.C. § 1332. *See* Opinion and Order, Docket No. 11. Through that same Opinion and Order, Plaintiffs were granted leave to amend their Complaint to cure the jurisdictional defect contained therein.

On November 28, 2007, United States Magistrate Judge Linda R. Anderson granted Plaintiffs leave to file an Amended Complaint in accordance with the prior Opinion and Order of this Court. On December 6, 2007, Plaintiffs filed a Motion to Amend Complaint, attaching thereto their Amended Complaint. The allegations in the Amended Complaint are virtually identical to those in the original Complaint. Wal–Mart now moves for dismissal of the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and again seeks dismissal of Plaintiffs' conversion and class action allegations pursuant to Rules 12(b)(6), 12(b)(f) and/or 23(d)(4). In the alternative to dismissal, Wal–Mart moves for severance of the named Plaintiffs in this case.

## II. Legal Analysis

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction[1]

Wal–Mart moves for dismissal of Plaintiffs' Amended Complaint on the basis that the Court lacks subject matter jurisdiction. It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In cases in which a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). A "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

In the case *sub judice*, Plaintiffs allege that this Court may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). This statute provides, in relevant part:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

---

**1.** "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merit s." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001)(citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . .

28 U.S.C. § 1332(d)(2)(A). Wal–Mart does not dispute whether the diversity requirement of 1332(d)(2)(A) has been satisfied, but does dispute whether the amount in controversy requirement has been satisfied.

In support of their claim that the amount in controversy is satisfied, Plaintiffs argue that the putative class in this case is likely comprised of over 80,000 claimants. *See* Resp. [Docket No. 15], at 7. This argument is based on a presumption that Wal–Mart employed 25,240 in Mississippi on May 2, 2007, and the putative class would also include employees who had previously worked at Wal–Mart from 1999 to present. Based on this figure, Plaintiffs argue that each class member's claim would only need to equal $62.50 to satisfy the $5,000,000 jurisdictional requirement. Plaintiffs further argue that as other plaintiffs have each been awarded $420.00 in compensatory damages on claims similar to those alleged in this lawsuit, *see* Resp. at Ex. 3, and further as the claimants in this case also seek punitive damages, that each class member's claim would easily exceed the $62.50 necessary to satisfy the $5,000,000 jurisdictional requirement.

In support of its argument that the jurisdictional amount in controversy is not satisfied, Wal–Mart first argues that if Plaintiffs' conversion claim is dismissed pursuant to Rule 12(b)(6), they could not recover on that claim and would also be precluded from recovering punitive damages in this case. The Court finds that this argument lacks merit as it is contrary to the long-established rule that: "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Wal–Mart also argues that the requisite jurisdictional amount is not satisfied because over one-half of the putative class members' claims cannot relate back to the state court actions that were originally filed in 2002 and, therefore, are barred by the applicable statute of limitations. Wal–Mart also argues

that the number and size of claims likely held by putative class members are significantly less than that which appears on the face of the Amended Complaint as, beginning in May of 2003, it "aggressively instituted measures to prevent its Associates from working off the clock," which have substantially reduced and/or prevented such work. *See* Mem. in Supp. of Mot. to Dismiss [Docket No. 14], at 18. Again, the Court finds that these arguments lack merit. While the arguments raised by Wal–Mart may establish valid affirmative defenses to the claims of some of the putative class members, the United State Supreme Court has held "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. *Nor does the fact that the complaint discloses the existence of a valid defense to the claim.*" *St. Paul,* 303 U.S. at 289, 58 S.Ct. 586 (emphasis added).

After reviewing the pleadings in this case, the Court finds it is not apparent, to a legal certainty, that Plaintiffs cannot recover the jurisdictional amount of $5,000,000 as claimed in their Amended Complaint. *Id. See also id.* at 288, 58 S.Ct. 586 ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Accordingly, the Court finds that the Motion of Wal–Mart to Dismiss for lack of subject matter jurisdiction, to the extent the Motion is predicated on the argument that the requisite jurisdictional amount has not been satisfied, should be denied.

In support of its Motion to Dismiss pursuant to Rule 12(b)(1), Wal–Mart also argues that subject matter jurisdiction cannot be exercised under 28 U.S.C. § 1332(d) because the claims of some of the putative class members pre-date the enactment of that statute. *See* Mem. in Supp. of Mot. to Dismiss [Docket No. 14], at 16. On this issue, the United States Court of Appeals for the Fifth Circuit has found that the provisions of Section 1332(d)(2) apply to any civil action commenced after February 18, 2005, the date on which it was enacted. *See Braud v. Trans-*

**400**

*port Serv. Co. of Ill.* 445 F.3d 801, 803 (5th Cir.2006) (citing 119 Stat. at 14 for the proposition that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act."). The case *sub judice* was commenced, for the purposes of 28 U.S.C. § 1332(d), on March 5, 2007, when the Complaint was filed. As the case was commenced after the date on which Section 1332(d) was enacted, its provisions clearly govern this case. Accordingly, the Court finds that subject matter jurisdiction may properly be exercised under 28 U.S.C. § 1332(d), and that the Motion of Wal–Mart to Dismiss, to the extent the Motion is predicated on the argument that some of the putative class members' claims predate the enactment of this subsection, should be denied. In sum, the Court finds, from the face of the pleadings, that it may properly exercise subject matter jurisdiction over this case under to 28 U.S.C. § 1332(d), and that the Motion of Wal–Mart to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) should presently be denied.[2]

### B. Motion to Dismiss for Class Action Claims

It is well settled that the plaintiff bears the burden of demonstrating that a lawsuit should proceed as a class action. *See, e.g., Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479 (5th Cir.2001); *Alabama v. Blue Bird Body, Co.,* 573 F.2d 309, 315 (5th Cir. 1978). When determining whether to certify a class action, the court must undertake a "rigorous analysis" to ensure that the putative class and its proposed representative satisfy each of the prerequisites of class certification. *See Unger v. Amedisys Inc.,* 401 F.3d 316, 320–21 (*citing General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). To proceed as a class action under Rule 23 of the Federal Rule of Civil Procedure, the plaintiff seeking to "sue as a representative party on behalf of all class members" must demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are ques-

tions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a). The plaintiff must also show that the putative class action fits within one of the categories described in Rule 23(b).

In response to the Motion of Wal–Mart to Dismiss the class action claim, Plaintiffs argue that the motion is premature because discovery has not yet been conducted. "Whether discovery will be permitted in connection with a motion for a class certification determination lies within the sound discretion of the trial court," and the court "has broad discretion in limiting the scope of discovery." *Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir.1982) (citations omitted). "In light of the mandate of Rule 23(c)(1) that a certification determination be made '(a)s soon as practicable after the commencement of (the) action,' we think it imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be 'necessary or helpful' to the certification decision." *Id.* Plaintiffs have not informed the Court as to the matters on which they seek discovery, or the manner in which it would be relevant to issue of class certification. For the reasons that follow, the Court finds that the issue of whether the proposed class should be certified is apparent on the face of the pleadings and, therefore, that discovery is not necessary, nor would it be helpful, in deciding the issue of whether Plaintiffs' class action claim should be dismissed.

■ For the purposes of this Opinion and Order, the Court assumes, without deciding the issue, that Plaintiffs have satisfied the Rule 23(a) requirements. To certify a class under Rule 23(b)(1), there must be a showing that:

(1) prosecuting separate actions by or against individual class members would create a risk of:

**2.** Wal–Mart also moves for dismissal on the grounds that the Court would not have subject matter jurisdiction under 28 U.S.C. § 1332(d) in the event the class action claim is dismissed.

This argument will be addressed after the Court considers Plaintiffs' allegations with regard to class certification.

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

FED.R.CIV.P. 23(b)(1)(A) & (B). As explained by the Supreme Court:

Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)." Rule 23(b)(1)(B) includes, for example, "limited fund" cases, instances in which numerous persons make claims against a fund insufficient to satisfy all claims.

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (alterations in original) (citations omitted).

In their Amended Complaint, Plaintiffs allege: "Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, that in turn would establish incompatible standards of conduct for Wal–Mart." *See* Am. Compl., at ¶ 30. Although the language in the Amended Complaint tracks the language of Rule 23(b)(1), the Court finds that results in separate actions on Plaintiffs' breach of contract and conversion claims would not impair the ability of Wal–Mart to pursue a uniform continuing course of conduct as regards the manner in which its employees should be compensated for the time they have worked. *See e.g. Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1192 (9th Cir.2001) (quoting 7A CHARLES ALAN WRIGHT, ARTHUR

R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1773 at 431 (2d ed.1986) for the proposition that the phrase "incompatible standards of conduct" refers to the situation where "different results in separate actions would impair the opposing party's ability to pursue a uniform continuing course of conduct."). At best, separate actions on Plaintiffs' breach of contract and conversion claims may result in differing findings of liability and/or damages awards, but neither of these are grounds for certification under Rule 23(b)(1). *See id.* ("Rule 23(b)(1)(A) certification requires more, however, 'than a risk that separate judgments would oblige the opposing party to pay damages to some class members but not to others or to pay them different amounts ....' ") (quoting 7A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1773 at 429 (2d ed.1986)). Accordingly, the Court finds that Plaintiffs' proposed class cannot be certified under Rule 23(b)(1).

▪ To certify a class action under Rule 23(b)(2) there must be a showing that the compensatory and punitive damages sought by the class members are incidental to the injunctive and declaratory relief that is being sought. *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 416 (5th Cir.1998). In the case *sub judice,* the Court finds that the damages sought by the putative class members on their claims of breach of contract and conversion are not incidental to any equitable relief being sought.[3] Instead, the damages sought in this case are highly individualized and "necessarily implicate subjective differences of each plaintiff's circumstances." *Id.* at 417. Specifically, the amount of damages each class member could recover would depend on the amount of time he or she worked off-the-clock and/or the number of rest/meal breaks he or she was denied while employed by Wal–Mart. As such, the Court finds that the amount of recoverable damages cannot be "calculated by objective standards" but, instead, requires "individualized proof", which involves "substantial legal and factual issues." *Id.* Accordingly, the Court finds that

---

**3.** The only allegation concerning equitable relief in the Amended Complaint is: "Absent judgment in favor of the Class, Wal–Mart will likely contin-

ue its wrongdoing resulting in further damage to its hourly employees.". *See* Am. Compl., at ¶ 31.

Plaintiffs' proposed class cannot be certified under Rule 23(b)(2).

■ To certify a class under Rule 23(b)(3), the court is required to make findings of predominance and superiority. *See Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 483 (5th Cir.1982). "The predominance element requires a finding that common issues of law or fact 'predominate over any questions affecting only individual members.'" *Id.* In the case *sub judice*, because the amount of damages each putative class member could recover is dependent upon the amount of time he or she worked off-the-clock and/or the number of rest/meal breaks he or she was denied while employed by Wal–Mart, the Court finds it would be required to make individualized calculations to determine the amount of recovery, if any, as to each member. In this Circuit, however, "[w]here the plaintiffs' damage claims 'focus almost entirely on facts and issues specific to individuals rather than the class as a whole,' the potential exists that the class action may 'degenerate in practice into multiple lawsuits separately tried' [thereby making] class certification ... inappropriate." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 744–45 (5th Cir.2003) (alterations in original) (quoting *Allison*, 151 F.3d at 419; *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 n. 19 (5th Cir.1996), respectively).

Additionally, as explained in the case of *Basco v. Wal–Mart Stores, Inc.*, 216 F.Supp.2d 592 (E.D.La.2002), in which Rule 23(b)(3) class certification of off-the-clock work claims was denied based on a finding that the predominance requirement was not satisfied:

> Individual issues also predominate plaintiffs' claims that they were required to work off-the-clock. In this instance ... the individualized issues will arise from the myriad of possibilities that could be offered to explain why any one of the plaintiffs worked off-the-clock. As defendant noted, as to any of the class members it may argue that: (1) the particular class member did not in fact work off-the-clock, (2) any instructions received to work off-the-clock without compensation were outside the scope of authority and directly contrary to well established policy and practice, (3) even if a particular class member did work off-the-clock, that employee unreasonably failed to avail themselves [sic] of curative steps provided by defendant to be compensated for that work, (4) if a class member received instructions from a fellow class member such as a personnel manager or hourly supervisor to work off-the-clock and/or not to request a time adjustment, then the class member unreasonably relied on instructions directly contrary to Wal–Mart's express policy, (5) a class member had an actual and/or constructive knowledge of Wal–Mart's policies banning off the clock work and voluntarily chose to engage in such work in deviance of that policy for any one of a number of reasons, and (6) that a particular class member has a unique animus toward Wal-Mart or its employees that would cause that class member to fabricate or inflate his or her claims. Defendants have the right to present their defenses as to each plaintiffs' claim that he/she was required to work off-the-clock to the jury.

*Id.* at 603. The Court finds that the individual issues recognized in *Basco* would likewise apply to the breach of contract and conversion claims alleged by Plaintiffs in this case, and for the reasons stated in *Basco*, render Plaintiffs' claims inappropriate for class certification under Rule 12(b)(3). Accordingly, the Court finds that Plaintiffs' proposed class cannot be certified under that Rule.

In sum, the Court finds that because the class action proposed by Plaintiffs in their Amended Complaint cannot be certified under Rule 23(b), they have failed to "state a claim to relief that is plausible on its face" and, therefore, their class action claim should be dismissed.[4]

---

4. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

**C. Subject matter Jurisdiction (Revisited)**

The only basis for federal subject matter jurisdiction alleged in the Amended Complaint is 28 U.S.C. § 1332(d). *See* Am. Compl., at ¶ 3 ("The Court has personal jurisdiction over Wal–Mart pursuant to 28 U.S.C. §§ 1332(d)(2)(A) and (d)(6) because the aggregate amount in controversy for the Class exceeds $5,000,000.00, exclusive of interests and costs, and there is complete diversity of citizenship."). As noted above, Wal–Mart has moved for dismissal of this lawsuit on the grounds that the Court would no longer have subject matter jurisdiction over this case in the event the class action claim was dismissed. *See infra* at n. 2. The Court agrees that in dismissing the class action claim, and finding that the Plaintiffs' class action claim cannot be certified under Rule 23(b), it no longer has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d). *See e.g. Falcon v. Philips Elecs. N. Am. Corp.* 489 F.Supp.2d 367, 368 (S.D.N.Y.2007) (finding that "if class certification is subsequently denied on a basis that precludes even the reasonably foreseeable possibility of subsequent class certification in the future, the Court may lose jurisdiction [under 28 U.S.C. § 1332(d) ] at that point."); *Arabian v. Sony Elecs. Inc.*, No. 05cvl741, 2007 WL 2701340, at *5 (S.D.Cal. Sept.13, 2007) ("By denying class certification and subsequently finding that there is no reasonably foreseeable possibility that [the plaintiff] will be able to represent a certified class . . ., this Court has essentially found that there is not—and never was—diversity jurisdiction over [his] claim pursuant to 28 U.S.C. § 1332(d)."); *Gonzalez v. Pepsico, Inc.*, No. 06–2163, 2007 WL 1100204, at *4 (D.Kan. Apr.11, 2007) ("If plaintiffs' motion for class certification were denied then plaintiffs would lose jurisdiction under [28 U.S.C. § 1332(d) ] and would need to meet general diversity jurisdiction requirements to maintain federal jurisdiction or risk dismissal of the case."); *McGaughey v. Treistman*, No. 05 Civ. 7069, 2007 WL 24935, at *3 (S.D.N.Y. Jan. 4, 2007) ("Because Plaintiff's motion for class certification must be denied, Plaintiff's action is no longer a class action, and this Court cannot retain subject matter jurisdic-

tion in diversity over Plaintiff's action pursuant to the Class Action Fairness Act" codified at 28 U.S.C. § 1332(d)).

The Court, however, is mindful of the well-settled rule that in cases in which "a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir.1980). In the case *sub judice* Plaintiffs argue that the Court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 since there exists complete diversity of citizenship and an amount in controversy that exceeds $75,000. *See* Resp. [Docket No. 15], at 8 n. 2. While the Court finds that the facts alleged in the Amended Complaint clearly show that there exists diversity of citizenship between Plaintiffs and Wal–Mart, the Court finds that the alleged facts do not, on their face, show that each Plaintiff has satisfied requisite $75,000 amount in controversy.

As discussed in its prior Opinion and Order, the Court has the discretion to allow Plaintiffs an opportunity to amend their Complaint in order to cure the jurisdictional defect therein. *See* 28 U.S.C. § 1963 (providing: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). *See also Nadler*, 764 F.2d at 413. Accordingly, the Court will grant Plaintiffs until October 3, 2008, to again amend their Complaint in order to show that each Plaintiff can satisfy the $75,000 amount in controversy on his or her respective claims. In the event an amended complaint is not filed within the prescribed period of time, the Court will enter a Final Judgment dismissing this case, without prejudice, for lack of subject matter jurisdiction, and without further notice to the parties. The Court will presently deny the motion of Wal–Mart to the extent it seeks dismissal of Plaintiffs' conversion or, alternatively, to sever, without prejudice. Wal–Mart may re-allege these claims in the event Plaintiffs satisfies their burden of establishing diversity of citizenship in this case.

**404**

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Wal–Mart Stores, Inc., to Dismiss the Complaint or to Strike the Class Action Allegations or, in the Alternative, to Sever [Docket No. 13], is hereby granted in part and denied in part.

The Motion is denied to the extent it seeks dismissal on the grounds that the Court may not exercise subject matter jurisdiction under 28 U.S.C. § 1332(d) based on the allegations in the Amended Complaint.

The Motion is granted to the extent it seeks dismissal of Plaintiffs' class action claim.

The Motion is granted to the extent it seeks dismissal on the grounds that the Court may not exercise subject matter jurisdiction under 28 U.S.C. § 1332(d) after dismissing Plaintiffs' class action claims.

The motion is denied, without prejudice, to the extent it seeks dismissal of Plaintiffs' conversion claim or, in the alternative, severance.

IT IS FURTHER ORDERED that Plaintiffs are hereby granted until October 3, 2008, to again amend their Complaint in order to cure the jurisdictional defect regarding whether the amount in controversy is satisfied with regard to each of their respective claims. In the event an amended complaint is not filed within the prescribed period of time, the Court will enter a Final Judgment dismissing this case, without prejudice, for lack of subject matter jurisdiction, and without further notice to the parties.