Chanin FALCON, on behalf of herself
and all others similarly situated,
Plaintiff–Appellant,

v.

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION,
Defendant–Appellee.

No. 07–2877–cv.

United States Court of Appeals,
Second Circuit.

Nov. 5, 2008.

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgments of
the District Court be **AFFIRMED.**

Lee S. Shalov (Amanda C. Scuder, Shalov Stone Bonner & Rocco LLP, Andrew
N. Friedman, Whitney R. Case, Cohen,
Milstein, Hausfeld & Toll, PLLC, on the
brief), Shalov Stone Bonner & Rocco LLP,
New York, NY, for Plaintiff–Appellant.

Matthew J. Calvert (Ashley Cummings,
Joseph Saltarelli, on the brief), Hunton &
Williams, Atlanta, GA, for Defendant–Appellee.

PRESENT: JOSÉ A. CABRANES,
PETER W. HALL, Circuit Judges, and
BRIAN M. COGAN, District Judge.*

* The Honorable Brian M. Cogan, United States
District Judge for the Eastern District of New
York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Chanin Falcon appeals from judgments of the District Court denying her motion for class certification, *see Falcon v. Philips Elecs. N. Am. Corp.,* No. 06 Civ. 6090, 2007 WL 959374 (S.D.N.Y. Mar. 30, 2007), and dismissing her complaint for lack of subject matter jurisdiction, *see Falcon v. Philips Elecs. N. Am. Corp.,* 489 F.Supp.2d 367, 368 (S.D.N.Y.2007). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Falcon challenges the District Court's determination that she could not serve as an adequate class representative, a determination that provided the basis for the District Court's denial of Falcon's motion for class certification. Our review of a district court's denial of class certification is for abuse of discretion, *see Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.,* 502 F.3d 91, 98 (2d Cir.2007), and we identify none here. "When a district court is vested with discretion as to a certain matter, it is . . . empowered to make a decision—of *its* choosing—that falls within a range of permissible decisions." *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 168–69 (2d Cir.2001). A district court commits an "abuse" of discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 169. The District Court's conclusion that Falcon "cannot serve as an adequate class representative," *Falcon,* 2007 WL 959374, at *2, falls well within the range of permissible decisions supported by the record in this case.

In its Memorandum Order, the District Court explained that Falcon could not serve as an adequate class representative because (1) her husband, and not she, had purchased the Philips television set; (2) her husband's disposal of the television set prevented her from obtaining the relief sought—namely, the repair or replacement, at Philips's option, of the set; and (3) without the allegedly defective television set, Falcon "will likely have much more difficulty showing design defect than would someone who could produce the product for examination." *Id.* Falcon contests the District Court's finding that her husband purchased the television set, arguing that her husband did so on her instructions and was therefore acting solely as her agent. Even if we were to agree with Falcon on that score, the disposal of the television set, standing alone, was sufficient to support the District Court's exercise of discretion. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, a class representative must "fairly and adequately protect the interests of the class." When a "putative class representative is subject to unique defenses which threaten to become the focus of the litigation," she cannot serve as a class representative. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2d Cir.1990); *see also Baffa v. Donaldson,* 222 F.3d 52, 59 (2d Cir.2000). This is so because of the "danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Gary Plastic,* 903 F.2d at 180. Falcon's disposal of the television set presented such a danger—both with respect to (1) proving a design defect and (2) defending against a charge of spoliation of evidence—and it was far from an abuse of discretion for the District Court to conclude, in light of that danger, that Falcon could not serve as an adequate class representative.

■ Falcon also challenges the District Court's denial of her motion to reopen discovery in order to identify a substitute class representative. The District Court characterized this motion as a request "to go fishing, through further discovery, in the hopes of finding [an adequate class representative]." *Falcon*, 489 F.Supp.2d at 369. Denying the motion, the District Court explained:

> While there might be cases where this would make sense, this is not such a case. Plaintiff filed this action over nine months ago. The deadlines for both class certification discovery and merits discovery have come and gone. Plaintiff cannot plausibly argue that she never considered that, as someone who neither purchased nor retained a defective Philips television set, she might not adequately represent a class of persons consisting of those who did purchase such sets and who seek to get them repaired. Plaintiff has had ample opportunity to conduct discovery to locate ... another representative who could more adequately represent the class, and she has failed to do so. Having carefully considered all of the underlying facts and circumstances, the Court determines that further discovery at this time would be grossly unfair to defendant and hence must be denied.

*Id.* A district court's discovery rulings are reviewed for abuse of discretion, *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir.2008), and, pursuant to that standard, we see no basis to disturb the District Court's denial of Falcon's motion to conduct additional discovery. Falcon was on notice that her adequacy was contested, Answer ¶ 15, and she had ample opportunity to identify other plaintiffs to serve as class representatives—both through discovery and public sources. At this late stage of the litigation, we cannot say that it was an abuse of discretion for the District Court to deny Falcon's motion to reopen discovery in order to "go fishing" for another class representative. *Cf. Reed v. Bowen*, 849 F.2d 1307, 1313–14 (10th Cir.1988) ("No court has held, in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a suit which has no party plaintiff.").

For the forgoing reasons, we AFFIRM the judgment of the District Court.