Anita **OGINSKY** et al., Plaintiffs,

v.

**PARAGON PROPERTIES OF COSTA RICA, LLC, et al., Defendant.**

Janet Gurskis, et al., Plaintiffs,

v.

**William Gale, et al., Defendants.**

Nos. 10–21720–CIV, 11–60647–CIV.

United States District Court,
S.D. Florida,
Miami Division.

June 26, 2012.

Matthew S. Sarelson, Maxwell Miller Nelson, Sarelson Law Firm, P.A., Paul Bernard Kunz, Bander & Associates, Miami, FL, for Plaintiffs.

David H. Charlip, Charlip Law Group, Aventura, FL, Joseph Ross Gibson, Joseph Ross Gibson, PA, Cooper City, FL, Jeffrey Allen Tew, Spencer Allen Tew, Tew Cardenas LLP, Miami, FL, for Defendants.

Murray Linder, Miami, FL, pro se.

Stephen Tashman, Fort Lauderdale, FL, pro se.

Lyle Wexler, Hollywood, FL, pro se.

Larry Webman, Hallandale, FL, pro se.

David Valentine, Fort Lauderdale, FL, pro se.

William Gale, Hollywood, FL, pro se.

Chester Potash, Miami, FL, pro se.

### ORDER SEVERING PLAINTIFFS' CLAIMS

JAMES LAWRENCE KING, District Judge.

**THIS MATTER** comes before the Court *sua sponte* upon review of the record.[1] On June 21, 2012 this Court entered an Order Denying Plaintiffs' Motion for Class Certification. (DE # 338). Upon careful consideration of the procedural posture of the above-

---

1. The above-styled action is a consolidated action of two cases asserting various claims against over a dozen defendants arising from the same allegedly fraudulent land sales scheme in Costa Rica: *Anita Oginsky, et al. v. Paragon Properties of Costa Rica, LLC, et al.,* Case No. 10–21720–CIV–KING and *Janet Gurskis, et al. v. William Gale, et al.,* Case No. 11–60647–CIV–KING. To be clear, this Order applies to all of the individual Plaintiffs of the consolidated action.

styled action after the denial of class certification, and in the administrative interest of case management, the Court has determined to sever the 250–plus Plaintiffs and their claims under Rule 21 of the Federal Rules of Civil Procedure.[2]

■ Rule 21 of the Federal Rules of Civil Procedure permits a district court, in the interest of case management, to sever misjoined parties and claims. *See, e.g., In re Amergi ex rel. Amergi v. Palestinian Auth.,* 611 F.3d 1350, 1367 (11th Cir.2010) (affirming district court's discretionary decision to sever plaintiffs where "the case had become something of a nightmare" and "increasingly unmanageable"); *see also Hofmann v. De Marchena Kaluche & Asociados,* Case No. 1:09–cv–20526–ASG (S.D.Fla. July 21, 2010) (order granting defendants' motion to sever after denial of class certification), *appeal dismissed for want of jurisdiction,* 642 F.3d 995 (11th Cir.2011).

■ The above-styled action, decidedly not a manageable class action, involves claims by over 250 individually-named Plaintiffs against various defunct corporations, the corporations' principals and escrow agents, and numerous other individuals under the federal RICO Act,[3] the federal Interstate Land Sales Full Disclosure Act,[4] and numerous state laws, including breach of contract and fraudulent misrepresentation, stemming from the alleged fraudulent sale of properties in Costa Rica. (Oginsky Third Am. Compl., DE # 150; Gurskis Compl., DE # 1). Plaintiffs assert with equal force their entitlement to damages for all claims alleged against each Defendant despite Plaintiffs' purchases of separate plots of land, pursuant to different contracts that were modified on an inconsistent basis over a four-year period.

Since the filing of the above-styled action, the only Defendants actively engaged in defense of the action, including discovery, are Defendants Charles L. Neustein, Law Offices of Charles L. Neustein, P.A., and Charles L.

Neustein, P.A. [hereinafter, "the Neustein Defendants"], who are named as Defendants only for the state law claim of Breach of Fiduciary Duty; Defendants Judith Gale, Lisa Tashman, Julien Siegel, and Mariland Tashman, who are named as Defendants only for the state law claim of Fraudulent Transfer; and, to a lesser extent, *pro se* Defendant William Gale and *pro se* Defendant Stephen Tashman, who are named as Defendants for various federal and state law claims. The remaining corporate and individual Defendants have all defaulted.

To complicate matters further, those Defendants who have engaged in discovery throughout the last two years have faced substantial resistance from the 250–plus individual Plaintiffs, who appear to travel under the mistaken assumption that they are not required to produce discovery on an individual basis despite their filing of an action as named Plaintiffs. For instance, despite the entry of an Order (DE # 222) in early November 2011 compelling the 254 individual Oginsky Plaintiffs to respond by late November 2011 to interrogatories and production requests propounded by the Neustein Defendants, as of June 1, 2012, over 80 of the individual Oginsky Plaintiffs have yet to comply with Court Order and serve answers to the interrogatories. (DE # 334). These significant and chronic discovery issues illustrate the substantial prejudice to Defendants in having to craft defenses against the individual claims of 250–plus named Plaintiffs.

In addition to the discovery issues, over the last month-and-a-half, Plaintiffs have filed no fewer than three motions to dismiss over one dozen individual Plaintiffs because those Plaintiffs do not wish to continue in the litigation, and, in at least two instances, because Plaintiffs' counsel determined that they are dead. (DE # 306, 310, & 339). As a result, it is unclear from the present state of the docket which, if any, of the 250–plus named Plaintiffs desire to pursue this litigation.

**2.** Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21.

**3.** Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).

**4.** Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.*

Accordingly, upon careful consideration of how best to manage the instant litigation, the Court will sever the 250–plus Plaintiffs and their claims under Rule 21 of the Federal Rules of Civil Procedure. The Court has further determined that each individual plaintiff, if he or she so desires to pursue claims against the various Defendants,[5] must file individual separate complaints.

Upon careful consideration of the record and being otherwise advised, it is **ORDERED, ADJUDGED and DECREED** that Plaintiffs and their claims are **SEVERED** under Rule 21 of the Federal Rules of Civil Procedure.

It is further **ORDERED, ADJUDGED and DECREED** that all of the above-named Plaintiffs shall, if they be so advised, file separate complaints specifying their individual claims for damage within *20 days* of the date of this Order. The Clerk of Court shall file and docket any such new filed cases, separately with new assigned case numbers to be distributed pursuant to the random assignment system of the Southern District of Florida.

---

**5.** The Court notes, upon denial of class certification, that it likely does not have subject matter jurisdiction over the various state law claims where diversity is lacking. *See generally Clausnitzer v. Federal Exp. Corp.,* 621 F.Supp.2d 1266, 1270 (S.D.Fla.2008) (finding jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), no longer exists "where there is no possibility Plaintiffs will obtain certification").