UPPER VALLEY ASSOCIATION FOR HANDICAPPED CITIZENS; Winnie Pineo; and Michelle Vanamee, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Richard MILLS, individually and in his capacity as Commissioner of the Vermont Department of Education; and the Members of the Vermont State Board of Education, individually and in their official capacities, Defendants.

Civil Action No. 2:94–cv–320.

United States District Court, D. Vermont.

July 17, 1996.

Olcott Whitman Smith, Kochman & Smith, Burlington, VT, for plaintiffs.

Paul Carl Fassler, Vermont Department of Education, Montpelier, VT, Geoffrey A. Yudien, Vermont Attorney General's Office, Montpelier, VT, for defendants.

## OPINION AND ORDER

SESSIONS, District Judge.

This is a civil rights action, pursuant to 42 U.S.C. § 1983, brought on behalf of children with disabilities, their families and supportive organizations. Plaintiffs allege that the Commissioner and the Vermont State Board of Education violated rights secured by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq., by a systematic failure to conform to the procedural requirements set forth in that statute and implementing regulations. Specifically, Plaintiffs assert that Defendants failed: 1) to develop and implement procedures to ensure the timely conduct of an investigation and the issuance of a written decision; 2) to develop procedures affording adequate relief to successful complainants; 3) to take affirmative action to correct instances of noncompliance with the IDEA; and 4) to develop and implement appropriate procedures in accordance with Vermont's special education regulations.

Plaintiffs filed a Motion for Class Certification pursuant to Fed.R.Civ.P. 23(c)(1) on March 22, 1996. The proposed class includes all individuals or organizations within the state who are or will be eligible to file a complaint under the IDEA or its implementing regulations, 34 C.F.R. §§ 300.660–300.662. Plaintiffs also include a subclass consisting of all children together with their parents or guardians who presently have or in the future will have a disability within the provisions of the IDEA, 20 U.S.C.

§ 1401(a)(1) and (15). Defendants oppose the granting of class certification.

### 1. *Prerequisites for Class Certification*

■ To be granted class certification status, Plaintiffs must satisfy all four criteria in Fed.R.Civ.P. 23(a) and one of the criteria in Fed.R.Civ.P. 23(b). Rule 23(a) permits parties to sue as representatives of a class only upon meeting four prerequisites: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Rule 23(a) should be construed liberally, especially early in the litigation. *Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir.) ("It is often proper ... for a district court to view a class action liberally in the early stages of litigation since the class can always be modified or subdivided as issues are refined for trial."), *cert. denied*, 469 U.S. 936, 105 S.Ct. 339, 83 L.Ed.2d 274 (1984); *Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440, 444 (E.D.N.Y.1995) (citing *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 563 (2d Cir.1968)) ("It is well settled that Rule 23 is to be construed liberally in order to best serve the ends of justice and promote judicial economy."). In ruling on a motion for class certification, the Court must accept the allegations set forth in the complaint as true. *Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 54 (S.D.N.Y.1993).

Generally, courts have looked favorably upon requests for class certification in cases which allege systematic violations of the IDEA. *J.G. v. Board of Educ., Rochester City School District*, 830 F.2d 444 (2d Cir. 1987). *See also, Roncker v. Walter*, 700 F.2d 1058, 1063 (6th Cir.), *cert. denied sub nom., Cincinnati City School District v. Roncker*, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 171 (1983); *Battle v. Commonwealth of Pennsylvania*, 629 F.2d 269, 271–75 (3d Cir.1980). The Court of Appeals for the Second Circuit wrote: "There can be little dispute that claims of generalized violations [of the IDEA] ... lend themselves well to class action treatment." *J.G. v. Board of Education*, 830 F.2d at 447.

#### a. Numerosity

■ The first requirement for class certification is that the class is so numerous that joinder of all of its members is impracticable. Plaintiffs assert that there are more than 10,000 children who meet the criteria for being disabled under the IDEA. Furthermore, the class includes other individuals or organizations who have filed or will file complaints under the IDEA. The class is also open-ended in that it includes individuals who may become eligible for benefits under the IDEA in the future. Finally, members of the class are dispersed throughout Vermont, a factor which Judge Coffrin found of "considerable importance" in ruling upon a class certification question in *Ouellette v. International Paper Co.*, 86 F.R.D. 476, 479 (D.Vt. 1980).

Defendants respond by claiming that the putative number of class members is highly inflated. They argue that the class consists of children or parents who file complaints under the IDEA and do not receive a response within the sixty day time limit proscribed by the regulations. According to Defendants, fifty-seven complaints have been filed since 1993 and only one has gone unanswered for more than sixty days without the consent of the complainants.

Plaintiffs' complaint seeks to remedy systematic failures to adopt and implement procedures for consideration of these petitions. Assuming, arguendo, that the representations made by Defendants are accurate, the failure to comply with the requirements of the IDEA necessarily affect all children eligible for services under that statute, together with their parents, guardians and organizations representing their interests. Plaintiffs also dispute Defendants' failure to correct instances of noncompliance with the IDEA, an allegation much broader than mere objections to delays in processing complaints. Therefore, the class includes more than those individuals whose complaints are delayed beyond the statutory or regulatory time period.

In view of these factors, joinder of the members of the class and the proposed sub-

class is highly impracticable. Plaintiffs have satisfied the numerosity requirement.

### b. Commonality

■ The second requirement in determining whether a class warrants certification is whether members of the proposed class share common questions of law and fact. To satisfy this commonality prerequisite to class certification, it is not necessary that plaintiffs establish that all questions of fact or law are common to all members of the class. Rather it is sufficient that the grievances of the proposed class implicate a shared question of law or fact. 3B James W. Moore et al., Moore's Federal Practice, ¶ 23.06–1 (2d ed. 1995).

■ Plaintiffs complain of Defendants' implementation of procedures mandated by the IDEA. These claims involve common questions of fact and law as to how Defendants exercise their legal responsibilities to Vermont children with disabilities. Although each member of the class may have slightly different factual issues, Defendants' efforts to develop and implement procedures under the IDEA are common to all participants within the class and subclass. As a result, the commonality prong of the class certification test has been satisfied.

### c. Typicality

■ The third prerequisite for class certification is that the claims or defenses of the representative parties must be typical of the class. Generally, this criterion has been interpreted to require that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir.1993); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.1992); *cert. dismissed sub nom., Hart Holding Co., Inc. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993).

Plaintiffs complain that Defendants failed to investigate and resolve their allegations under the IDEA in a timely fashion. Factually, those allegations are typical of the claims made by members of the class and subclass. Furthermore, Plaintiffs raise issues of law common to the entire class. The legal theories advanced by the representatives of the class are consistent with those of the other members, that is, that the Defendants have not fulfilled their responsibilities of implementing the IDEA in accordance with the statute. The Court finds that the circumstances giving rise to the claims and the legal issues involved are sufficiently similar to satisfy the typicality requirement.

Defendants oppose Plaintiffs' commonality and typicality arguments by disputing factual representations. They claim that Plaintiffs have failed to satisfy the commonality and typicality requirements because there is no pattern of delay in the consideration of complaints under the IDEA. However, for purposes of the class certification question, the Court must accept the allegations set forth in the complaint as true. *Sharif v. New York State Educ. Department*, 127 F.R.D. 84, 87 (S.D.N.Y.1989); *Cruz v. Robert Abbey, Inc.*, 778 F.Supp. 605, 612 (E.D.N.Y.1991). If true, the facts asserted by Plaintiffs in the complaint meet both the commonality and typicality requirements under Rule 23(a).

### d. Fair and Adequate Protection of Interests

■ Finally, Plaintiffs must demonstrate that they would fairly and adequately protect the interests of the proposed class members. Adequacy of representation requires that 1) class counsel is " 'qualified, experienced and generally able' to conduct the litigation[,]" and 2) the class members do not have "interests that are 'antagonistic' to one another." *In re Drexel Burnham Lambert, Inc.*, 960 F.2d at 291 (citing *Eisen*, 391 F.2d at 562). Generally, "[w]here there are legal issues common to the class, the representative who defends his own interests will also be protecting the interests of the class." *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 484–85 (2d Cir.); *cert. denied sub nom., North Rockland Central School District v. Consolidated Rail Corp.*, —— U.S. ——, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995).

■ Plaintiffs' counsel has substantial experience in representing children with dis-

abilities in class action lawsuits. In fact, he has represented children seeking administrative hearings under the IDEA before this Court. That level of experience satisfies the first part of the adequacy of representation requirement under Rule 23(a)(4).

The representatives share with other members of the class and subclass a joint interest in securing compliance with the dictates of the IDEA. The legal issues are common to both, and pursuit of those interests by the representatives will not compromise the interests of the members. The adequacy of representation prong of the test is therefore satisfied.

### 2. Maintenance of a Class Action

 In addition to the four requirements discussed above, parties must satisfy one of the conditions listed in Rule 23(b). Plaintiffs seek certification based upon satisfaction of Rule 23(b)(2).[1]

The present litigation seeks to remedy Defendants' practices with respect to the class as a whole. Under the theory propounded by the representatives of the class, Defendants' systematic failure to comply with the mandates of the IDEA necessarily affect the entire class and subclass. Furthermore, the complaint seeks injunctive and declaratory relief which, if granted, would benefit the entire class and subclass. As a result, the action is maintainable under Rule 23(b)(2).

### 3. Plaintiff Association as a Qualified Class Representative

The final issue is whether the Upper Valley Association for Handicapped Citizens is qualified to serve as a representative of the class and subclass.

Numerous decisions have recognized the ability of associations, both incorporated and unincorporated, to act as class representatives under Rule 23. These entities are afforded representative status, provided that the underlying purpose of the organization is to represent the interests of the class. *Women's Committee for Equal Employment Opportunity v. National Broadcasting Co., Inc.,* 71 F.R.D. 666, 668–71 (S.D.N.Y.1976). *See also* 7A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1761 (1986 & Supp.1995).

Plaintiffs assert that the sole purpose of the Upper Valley Association for Handicapped Citizens is to represent the interests of members of the class and that its membership falls within the class or subclass of this lawsuit. Defendants raise concerns about whether the Association consists of members of the class or subclass whose interests are advanced by this lawsuit. Assuming, arguendo, that Plaintiffs' representations are accurate, the Association qualifies as a representative party.

### 4. Order

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Motion for Class Certification (Paper 26).

---

**1.** Rule 23(b)(2) reads: "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...."