**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRADFORD COLEMAN, individually,
and on behalf of other members of
the general public similarly
situated, and as aggrieved
employee pursuant to the Private
Attorneys General Act ("PAGA"),
          *Plaintiff-Respondent,*

v.

ESTES EXPRESS LINES, INC., a
Virginia Corporation; ESTES WEST,
a business entity form unknown;
G.I. TRUCKING COMPANY, FKA DOE
1, DBA Estes West,
          *Defendants-Petitioners.*

No. 10-80152

D.C. No.
2:10-cv-02242-
ABC-AJW

OPINION

Submitted October 13, 2010*
San Francisco, California

Filed November 30, 2010

Before: Diarmuid F. O'Scannlain, Stephen S. Trott, and
William A. Fletcher, Circuit Judges

Per Curiam Opinion

*October Motions Panel

19019

## COUNSEL

Robert Ebert Byrnes, Park Paul Estrella, Sue Jin Kim, Miriam Leigh Schimmel, and Glenn Danas, INITIATIVE LEGAL GROUP APC, Los Angeles, California, Payam Shahian, STRATEGIC LEGAL PRACTICES, APC, Los Angeles, California, for the plaintiff-respondent.

Timothy M. Freudenberger and Sarah Drechsler, CARLTON DISANTE & FREUDENBERGER LLP, Irvine, California, David Lee Terry and David L. Woodard, POYNER & SPRUILL LLP, Raleigh, North Carolina, for the defendants-petitioners.

**OPINION**

PER CURIAM:

Bradford Coleman sued Estes Express Lines, Inc. and Estes West, individually and on behalf of a proposed class, in California state court. Estes Express removed to federal district court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). The district court remanded to state court because the case involved a local controversy under 28 U.S.C. § 1332(d)(4). Pursuant to 28 U.S.C. § 1453(c)(1), Estes Express has applied for leave to appeal that order.

This Circuit has not yet articulated criteria to determine when it is appropriate to hear discretionary appeals under CAFA. Here, we set forth criteria to guide a reviewing court. Applying those criteria to the facts of this case, we grant Estes Express' application for leave to appeal.

## I.   Background

Estes Express is a Virginia-based corporation that acquired California-based G.I. Trucking in 2005. After the acquisition, G.I. Trucking became Estes West (d/b/a G.I. Trucking). Estes West operates as an "internal regional division" of Estes Express, much like Estes Express' Southeast, Southwest, Northeast, and Upper Midwest regional divisions.

Estes Express owns 100% of Estes West and exercises significant control over its operations. Estes Express sets corporate policies, directs all payroll functions, determines benefit plans, writes the employee handbook, establishes procedures relating to rest breaks and meal breaks, creates employee job descriptions, and lays off employees. There is only one Estes West payroll employee in California, who carries out policies set by the Estes Express office in Virginia. Estes West employs one regional human resources manager, who reports

to Estes Express headquarters. Local managers of Estes West give day-to-day instructions to employees, but such instructions are given strictly within the guidelines established by Estes Express. Estes West has no revenue, but it maintains a payroll account in California as mandated by California law. It has a Board of Directors consisting of Estes Express employees, but the Board holds no independent meetings and has no responsibility for formulating a business plan.

Bradford Coleman, who was employed by G.I. Trucking and then Estes West from 2004 to 2009, sued Estes West and Estes Express based on multiple alleged violations of California wage and hour statutes. Coleman brought his suit in state court, styled as a class action with two proposed sub-classes. Estes Express removed under CAFA. 28 U.S.C. §§ 1332(d), 1453(b).

Coleman moved to remand to state court, arguing that the case was a local controversy, which is an exception to CAFA's removal jurisdiction. Under that exception, a federal district court "shall decline to exercise [removal] jurisdiction . . . over a class action in which — "

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

> (II) at least 1 defendant is a defendant —

>> (aa) from whom significant relief is sought by members of the plaintiff class;

>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

>> (cc) who is a citizen of the State in which the action was originally filed; and

> (III) principal injuries resulting from the alleged con-
> duct or any related conduct of each defendant were
> incurred in the State in which the action was origi-
> nally filed . . .

28 U.S.C. § 1332(d)(4)(A)(i). Estes Express argues that the criteria of 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) and (II)(bb) are not satisfied. Although Coleman pled claims against both Estes Express and Estes West, Estes Express argues that its employees would have been responsible for the alleged violations, and only it has the ability to satisfy any judgment. Estes Express further argues that it is the only defendant "whose alleged conduct forms a significant basis for the claims asserted" and "from whom significant relief is sought." It contends that in deciding this jurisdictional question, the district court should look beyond the pleadings to determine which party actually caused the alleged harm and from which party any relief would actually come. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Since Estes Express is not a citizen of California, it argues that the local controversy exception should not apply. *See* § 1332(d)(4)(A)(i)(II)(cc).

**[1]** In a thorough opinion, the district court explained that courts have split on whether to look beyond the complaint in determining whether the local controversy exception applies. *Compare, e.g.*, *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1244-45 (10th Cir. 2009) (per curiam), *with Robinson v. Cheetah Transp.*, No. 06-0005, 2006 U.S. Dist. LEXIS 10129, at *12 (W.D. La. Feb. 27, 2006), *and Green v. SuperShuttle Int'l, Inc.*, No. 09-2129, 2010 U.S. Dist. LEXIS 7456, at *10 (D. Minn. Jan. 29, 2010). This Circuit has not yet addressed the issue. The district court held that the plain language of the statute precluded it from considering extrinsic evidence on the question of which party will actually pay a judgment under § 1332(d)(4)(A)(i)(II)(aa). The court then held that, even considering extrinsic evidence, Estes West was a defendant "whose alleged conduct form[ed] a significant basis for the claims asserted." Therefore, the court

found it unnecessary to reach the question whether extrinsic evidence should be considered as to § 1332(d)(4)(A)(i)(II)(bb). The court found that the local controversy exception applied and remanded to state court.

Under CAFA, a party may seek leave to appeal a remand order to the court of appeals, which has discretion whether to accept the appeal. 28 U.S.C. § 1453(c)(1). Pursuant to this provision, Estes Express sought leave to appeal.

## II.   Analysis

### A.   Factors Guiding the Court's Discretion

**[2]** CAFA does not explain how an appellate court should decide whether to accept an appeal of a remand order. Although we have not yet articulated the criteria to consider, we note that the First Circuit has set out a helpful list of criteria to use in evaluating applications for leave to appeal under § 1453(c)(1). *Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 38-39 (1st Cir. 2009). The First Circuit's criteria have been adopted by the Tenth Circuit. *See BP Am., Inc. v. Oklahoma*, 613 F.3d 1029, 1034-35 (10th Cir. 2010). We, too, adopt them.

**[3]** In *Dental Surgeons*, the First Circuit held that a key factor in determining whether to accept an appeal is "the presence of an important CAFA-related question" in the case. *Coll. of Dental Surgeons*, 585 F.3d at 38. Because discretion to hear appeals exists in part to develop a body of appellate law interpreting CAFA, "[t]he presence of a non-CAFA issue (even an important one) is generally not thought to be entitled to the same weight." *Id.* If the CAFA-related question is unsettled, immediate appeal is more likely to be appropriate, particularly when the question "appears to be either incorrectly decided [by the court below] or at least fairly debatable." *Id.*

**[4]** The First Circuit also enumerated several case-specific factors, including the importance of the CAFA-related question to the case at hand and the likelihood that the question will "evade effective review if left for consideration only after final judgment." *Id.* The appellate court should also consider whether the record is sufficiently developed and the order sufficiently final to permit "intelligent review." *Id.* Finally, the First Circuit observed that the court should conduct the familiar inquiry into the balance of the harms. *Id.* at 39.

**[5]** The First Circuit explained, and we agree, that whether to permit appeal under 28 U.S.C. § 1453(c)(1) is ultimately "committed to the informed discretion" of the appellate court. *Id.* The foregoing criteria are guides, not a series of bright-line rules.

### B.    Application of the Criteria

Applying these criteria, we grant Estes Express' application for leave to appeal. Although the local controversy exception to CAFA jurisdiction is "narrow," it is nonetheless an enumerated exception to a federal court's CAFA removal jurisdiction. It is intended to "identify . . . a controversy that uniquely affects a particular locality" and to ensure that it is decided by a state rather than a federal court. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006) (internal quotation marks and citation omitted). The question whether the district court must rely only on the pleadings or should look to extrinsic evidence will often determine whether a case will be remanded under the local controversy exception. This case thus raises an important issue of CAFA law. As the district court recognized, this is an unsettled question in this Circuit. We do not say that district court's decision "appears to be incorrectly decided," but the array of courts on both sides of the question indicates that it is at least "fairly debatable" and that appellate review would be useful.

**[6]** Whether the district court may look beyond the complaint may be dispositive of whether this case should be

remanded. As the district court recognized, it may be possible to decide the applicability of § 1332(d)(4)(A)(i)(II)(bb) in this case without looking at extrinsic evidence, but the applicability of § 1332(d)(4)(A)(i)(II)(aa) depends on Estes West's ability to pay a judgment. The probability that a state court or the Supreme Court will review the federal jurisdictional question after the merits of the case have been decided is almost non-existent, so this question is likely to evade review if Estes Express cannot immediately appeal. The issues were fully briefed below, resulting in a reasoned remand order, so the case is well-positioned for review.

**[7]** Finally, the only harm Coleman and the proposed class will suffer if the remand order is appealed is delay. There is no indication that a delay will seriously harm Coleman and the proposed class. Estes Express, on the other hand, will lose almost any chance of litigating this case in a federal forum if it is not allowed to appeal the remand order. *Cf. Miller-Davis Co. v. Ill. State Toll Highway Auth.*, 567 F.2d 323, 326 (7th Cir. 1977). The balance of harms thus favors Estes Express.

## Conclusion

We therefore GRANT Defendants' application for leave to appeal.