NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER KOHRS, an individual,

     Plaintiff-Appellee,

  v.

SWIFT TRANSPORTATION CO. OF AZ, LLC,

     Defendant-Appellant.

No. 24-4483

No. 24-4872

MEMORANDUM[*]

Petition for Permission to Appeal, Case no. 24-4483

Appeal from the United States District Court
for the Central District of California, Case no. 24-4872

Argued and Submitted October 8, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Christopher Kohrs, a former employee, brought a putative class action

against Swift Transportation Co. of Arizona, LLC, alleging various wage and labor

violations. On July 19, 2024, Swift filed a petition for permission to appeal under

28 U.S.C. § 1453(c) in this Court, which was assigned Case No. 24-4483. On

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

August 7, 2024, Swift filed a notice of appeal from the district court's remand order. That appeal was assigned Case No. 24-4872.

We "review the remand order de novo." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015). We may exercise our discretion to allow an appeal under 28 U.S.C. § 1453(c)(1). *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (per curiam).

Ordinarily, remand orders are not reviewable on appeal. *See* 28 U.S.C. §1447(d). However, an exception set forth in 28 U.S.C. §1453(c)(1) "permits courts of appeals to accept appeals from remand orders that are removed under this section [of the Class Action Fairness Act (CAFA)]." *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1134 (9th Cir. 2017) (internal quotation marks omitted). Our decision to grant permission to appeal is discretionary, and we are guided by factors articulated in *Coleman*, 627 F.3d at 1100, including principally whether there exists "the presence of an important CAFA-related question," and if the question is likely to "evade effective review if left for consideration only after final judgment." *Id*. Another relevant factor is whether the district court committed legal error. *See id*. Here, we grant the petition for permission to appeal to decide whether the district court erred in finding that Kohrs sufficiently pled the jurisdictional requirements on the face of his complaint to place Swift on notice of removability, such that the time for filing the removal

2

notice began running.

Having granted the petition for permission to appeal in Case No. 24-4483, we now address the appeal assigned Case No. 24-4872. "CAFA permits a defendant to remove a class action to federal court if there is minimal diversity between the parties, . . . if the class contains at least 100 members, and . . . if the amount in controversy exceeds $5 million." *Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) (citations omitted). 28 U.S.C. §1446(b) "identifies two thirty-day periods for removing a case." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). The first thirty-day removal period is triggered if the "pleading affirmatively reveals *on its face* the facts necessary for federal court jurisdiction." *Blumberger v. Tilly*, 115 F.4th 1113, 1122 (9th Cir. 2024) (citation omitted) (emphasis in the original). A complaint is removable on its face "only if removability is ascertainable from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010), *as amended* (citation and internal quotation marks omitted). The second thirty-day removal period is triggered when a defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability is apparent. *Dietrich v. The Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021).

Kohrs's initial pleading did not provide an estimated class size sufficiently

3

specific that Swift could have determined from the face of the complaint that the $5 million threshold had been met. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (observing that a defendant does not have a duty to inquire further if the initial pleading is "indeterminate with respect to removability"). Although Swift was required "to apply a reasonable amount of intelligence in ascertaining removability," including "[m]ultiplying figures clearly stated in a complaint," Kohrs's complaint lacked the requisite clarity to allow Swift to actually do the math. *Kuxhausen*, 707 F.3d at 1140. Kohrs alleged that the class "exceed[s] several hundred persons" and that Kohrs and "*other* class members" are owed $9,000. (emphasis added). "[S]everal hundred persons" could encompass as few as three hundred. *See* Merriam-Webster Online, https://www.merriam-webster.com/dictionary/several (last visited October 15, 2025) ("several" refers to either "more than one" or "more than two but fewer than many"). Multiplying 300 persons by $9,000 amounts to only $2,700,000, which falls far short of CAFA's amount in controversy requirement of $5,000,000. *See Perez*, 131 F.4th at 807.

Although Kohrs also alleged "loss of wages and compensation," these allegations were not sufficiently specific to perform a calculation of asserted damages. *See Kuxhausen*, 707 F.3d at 1140 (stating that "[m]ultiplying figures *clearly stated* in a complaint" is part of the defendant's duty in ascertaining removability) (emphasis added).

Swift never received any "amended pleading, motion, order or other paper" that made removability apparent. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Kohrs served Swift with requests for production of documents and interrogatories "relat[ing] to the class size." However, Kohrs referenced nothing in these documents making removability apparent. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (noting that defendants are not charged with "notice of removability until they've received a paper that gives them enough information to remove").

Given that Swift was not placed on notice of removability from the face of the complaint or by service of any other document, neither thirty-day removal period was triggered. Thus, Swift's notice of removal was timely. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (observing that a defendant "may remove at any time" if the thirty-day removal period is not triggered). Accordingly, the district court erred in granting Kohrs's motion for remand.

**CASE NUMBER 24-4483: PETITION FOR PERMISSION TO APPEAL GRANTED.**

**CASE NUMBER 24-4872: REVERSED.**